IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **PATRICK REDFORD,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,** § <br> § <br> **Defendant.** § | **CIVIL ACTION NO. 6:21-CV-00333-JCB** |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 24, 2021, Plaintiff filed this civil action pursuant to the Social Security Act ("the Act"), Section 205(g), for judicial review of the Commissioner's denial of his application for Social Security benefits. (Doc. No. 1.) Pursuant to 28 U.S.C. § 636(b), the case was referred to the undersigned for findings of fact, conclusions of law, and a recommendation for the disposition of the instant action. For the reasons stated below, the court **RECOMMENDS** that the ALJ's decision be **AFFIRMED**.

### BACKGROUND

On August 22, 2018, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. (Transcript ("Tr.") at 79, 83, 93, 95.) Plaintiff alleged disability beginning on August 22, 2018. *Id.* at 95. The claim was initially denied on April 10, 2019, (*id.* at 91–92), and upon reconsideration on July 25, 2019 (*id.* at 108–09, 126–28). A telephonic hearing was held before ALJ Derek N. Phillips on October 28, 2020. *Id.* at 26, 38, 40, 147. The ALJ issued a decision finding that Plaintiff was not disabled under the Act on December 8, 2020. *Id.* at 26–

32. Plaintiff appealed, and the Appeals Council denied Plaintiff's Request for Review on April 9, 2021. *Id.* at 1–5. Therefore, the ALJ's decision became the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). Plaintiff has filed the instant action for review.[1]

## LEGAL STANDARD

Title II of the Act provides for federal disability insurance benefits. Judicial review of the denial of disability benefits under section 205(g) of the Act, 42 U.S.C. § 405(g), is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (per curiam). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Accordingly, the court "may not reweigh the evidence in the record, nor try the issues de novo," and is not allowed to substitute its judgment for the Commissioner's judgment. *Bowling*, 36 F.3d at 435 (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)); *see Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Rather, conflicts in the evidence are for the Commissioner to decide. *Spellman*, 1 F.3d at 360 (citing *Selders v. Sullivan*,

---

[1] Section 205(g) of the Act imposes a 60-day deadline to file a civil action. Even permitting Plaintiff 65 days to file to account for postal delivery of the decision, *see* 20 C.F.R. § 422.210(c), Plaintiff's action is untimely as it was filed 117 days after the Appeals Council's decision. The 60-day requirement in Section 205(g) is a statute of limitations, however, not a jurisdictional bar. *Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975). Accordingly, the parties may waive compliance with it. *Eldridge*, 242 U.S. at 328 n.9; *Salfi*, 422 U.S. at 764. Because the Commissioner did not raise the timeliness of the action in his answer or brief, the court will consider the merits.

914 F.2d 614, 617 (5th Cir. 1990)); *Anthony*, 954 F.2d at 295 (citing *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983)). A decision on the ultimate issue of whether a claimant is disabled, as defined in the Act, rests with the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000); SSR 96-5p, 61 Fed. Reg. 34471 (July 2, 1996).

"Substantial evidence is more than a scintilla but less than a preponderance—that is, enough that a reasonable mind would judge it sufficient to support the decision." *Pena v. Astrue*, 271 F. App'x 382, 383 (5th Cir. 2003) (citing *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994)). Substantial evidence includes four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability; and (4) the plaintiff's age, education, and work history. *Fraga v. Bowen*, 810 F.2d 1296, 1302 n.4 (5th Cir. 1987). If supported by substantial evidence, the decision of the Commissioner is conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). However, the court must do more than "rubber stamp" the ALJ's decision; the court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner]'s findings." *Cook*, 750 F.2d at 393.

A claimant bears the burden of proving a disability. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A); 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an anatomical, physiological, or psychological abnormality which is demonstrable by acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner utilizes a five–step, sequential process. *Villa*, 895 F.2d at 1022. A finding of "disabled" or "not disabled" at any step of the sequential process ends the inquiry. *Id.*; *see Bowling*, 36 F.3d at 435 (citing *Harrel*, 862 F.2d at 475). At Step One, the Commissioner determines whether the claimant is currently engaged in substantial gainful activity. At Step Two, the Commissioner determines whether one or more of the claimant's impairments are severe. At Step Three, the Commissioner determines whether the claimant has an impairment or combination of impairments that meet or equal one of the listings in Appendix I. At this Step, the Commissioner must also determine the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his impairments, both severe and non–severe. Then, at Step Four, the Commissioner determines whether the claimant is capable of performing his past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant can perform other work available in the local or national economy. 20 C.F.R. §§ 416.920(b)–(f) and 404.1520(b)(1)(f).

An affirmative answer at Step One or a negative answer at Steps Two, Four, or Five results in a finding of "not disabled." *See Villa*, 895 F.2d at 1022. An affirmative answer at Step Three, or an affirmative answer at Steps Four and Five, creates a presumption of disability. *Id.* The burden of proof is on the claimant for the first four steps but shifts to the Commissioner at Step Five if the claimant shows that he cannot perform his past relevant work. *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989) (per curiam).

**ADMINISTRATIVE LAW JUDGE'S FINDINGS**

The ALJ made the following findings in his December 8, 2020 decision:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2018.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of August 22, 2018 through his date last insured of December 31, 2018. (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease (lumbar—status post-fusion surgery in 2016); degenerative disc disease (cervical—status post-disc replacement surgery with residual cervicalgia); and degenerative joint disease/osteoarthritis—bi-lateral shoulders {left shoulder arthroplasty in 2015 with multiple surgeries bi-laterally} (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that through the date last insured, the claimant had the RFC to perform light work as defined in 20 CFR 404.1567(b), except:

    - He can lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently.

    - In an 8-hour workday, he can sit, stand, and/or walk for 6 hours.

    - He can operate hand controls with the left hand frequently.

    - He is limited to occasionally reaching overhead to the left, frequently reaching overhead to the right, and for all other reaching, he can reach frequently to the left.

    - He can frequently balance, kneel, crouch, and/or climb ramps and stairs, while he can occasionally stoop, crawl, and/or climb ladders, ropes, or scaffolds.

    - He can work at unprotected heights occasionally, but he can frequently operate a motor vehicle as well as be exposed to vibration and/or extreme cold.

6. Through the date last insured, the claimant was capable of performing past relevant work as a Cashier 2 (Dictionary of Occupational Titles {DOT} 211.462-010/specific vocational preparation {SVP}-2/Light), Mail Clerk (DOT 290-477-014/SVP-3/Light), House Sitter (DOT 309.670-010/SVP-2/Light), and Credit Clerk (DOT 205.367-022/SVP-4/Sedentary). This work did not require the performance of work-related activities precluded by the claimant's RFC. (20 CFR 404.1565).

    7.   The claimant was not under a disability, as defined in the Act, at any time from August 22, 2018, the alleged onset date, through December 31, 2018, the date last insured. (20 CFR 404.1520(f)).

(Tr. at 28–32.)

The ALJ determined that Plaintiff was not disabled under sections 216(i) and 223(d) of the Act. *Id.* at 32.

## ANALYSIS

Plaintiff alleges the decision of the Commissioner is not supported by substantial evidence because the ALJ (1) relied on his own interpretation of "raw medical data" to determine Plaintiff's RFC, (2) failed to evaluate the side effects of Plaintiff's medications, (3) failed to evaluate whether a cane was medically necessary, and (4) failed to evaluate the supportability and consistency of the state agency medical consultants' opinions on Plaintiff's mental health limitations. (Doc. No. 15 at, 2–3.) The Commissioner argues that substantial evidence supports the ALJ's finding that Plaintiff was not disabled because he was able to perform his past relevant work. (Doc. No. 16 at, 1.)

### I.    The ALJ's RFC Finding

The RFC is an assessment made by the Commissioner, based on all the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite his physical or mental impairments. 20 C.F.R. § 416.945(a); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). When evaluating a claimant's physical abilities, the Commissioner first assesses the nature and extent of physical limitations, and then determines the RFC for work activity on a regular and continuing basis. 20 C.F.R. § 404.1545. The ALJ makes separate function-by-function findings of the seven exertional strength demands (sitting, standing, walking, lifting, carrying, pushing, and pulling), and other non-exertional physical functions (including manipulative or

postural functions, such as reaching, handling, stooping, or crouching). SSR 96-8; 20 C.F.R. § 404.1545(b). Pursuant to the narrative discussion requirement provided in SSR 96–8, in the ALJ's discussion of the claimant's abilities to perform any of the seven strength demands, "each function must be considered separately (e.g., 'the individual can walk for 5 out of 8 hours and stand for 6 out of 8 hours'), even if the final RFC assessment will combine activities (e.g., 'walk/stand, lift/carry, push/pull'). It is especially important that adjudicators consider the capacities separately when deciding whether an individual can do past relevant work." SSR 96–8p. Only after the function-by-function analysis may the RFC be expressed in terms of the exertional levels of work (sedentary, light, medium, heavy, and very heavy). SSR 96-8.

Plaintiff argues the ALJ erred by determining his RFC without a medical expert. (Doc. No. 15 at, 10.) Plaintiff contends that his diagnostic studies, exam results, and surgical procedures were raw medical data that could not be interpreted by the ALJ without obtaining an expert medical opinion. *Id.* at 11. The Commissioner argues that the record contained observations by medical professionals who were qualified to interpret raw medical data, and the ALJ properly considered all evidence in the record when making his findings. (Doc. No. 16 at, 4–5.)

Plaintiff suffers from severe neck, back, and shoulder pain. (Tr. at 31, 56–58.) The ALJ acknowledged that Plaintiff underwent a left C6-7 anterior cervical discectomy and fusion on November 28, 2018. *Id.* at 30. The ALJ recognized that Plaintiff complained of radiating pain from his left shoulder to his upper back following this procedure. *Id.* Plaintiff's treating physicians identified that he had previously received fusion surgery at C4-5 and C5-6. *Id.* In July 2018, before the alleged onset date, images of Plaintiff's spine showed evidence of posterior fusion hardware and laminectomy at L4 through S1 with good overall alignment and no significant postoperative

7

complications, minimal bulging at L3-4, with no spinal stenosis or foraminal narrowing. *Id.* at 31. No cord signal changes were identified and Plaintiff's cauda equina were unremarkable. *Id.*

As discussed above, the ALJ found that Plaintiff has the RFC to perform light work. *Id.* at 30. The ALJ relied on the observations of Plaintiff's treating physicians and his medical records to determine that his medically determinable impairments are likely to cause pain but are not disabling nor preclusive of all types of work. *Id.* at 31. The ALJ noted that the issue to be decided was not whether Plaintiff experienced pain or limitations, but rather "the degree of incapacity incurred because of them." *Id.* The ALJ acknowledged that despite Plaintiff's complaints of disabling symptoms and pain, the record lacked any sort of limitations imposed or recommended by Plaintiff's treating physicians to support Plaintiff's claim that he cannot work. *Id.* To the contrary, the state agency medical consultants determined that Plaintiff has the RFC to perform medium work. *Id.* at 31, 87–88, 104–05. The ALJ also recognized that Plaintiff's medical records did not reveal progressive physical deterioration, which might be expected when there is consistent and constant severe pain as Plaintiff contends. *Id.* at 31.

Plaintiff's argument would require ALJs to seek expert medical opinions to determine an RFC, but neither the Act nor the case law imposes such a requirement. *See* 20 C.F.R. §§ 416.946 and 416.927(e); *Joseph-Jack v. Barnhart*, 80 F. App'x 317, 318 (5th Cir. 2003) (per curiam). Indeed, an ALJ may interpret medical evidence to determine an RFC without seeking an expert medical opinion. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (per curiam). And the ALJ is solely responsible for determining the claimant's RFC based on the entire record. 20 C.F.R. §§ 404.1545(a)(1) and 404.1546(c). Here, the ALJ determined that objective medical evidence failed to corroborate Plaintiff's complaints and he had the capacity to perform light work. (Tr. at 31.) Substantial evidence supports this finding.

8

Plaintiff also contends that the ALJ's RFC finding is not supported by medical evidence, (Doc. No. 15 at, 13), but fails to identify any evidence in the record that contradicts the ALJ's findings. Plaintiff has not met his burden. *See Anderson*, 887 F.2d at 632–33.

**II.     Side Effects of Prescribed Medications**

In determining whether a claimant is disabled, the Commissioner must consider "[t]he type, dosage, effectiveness, and side effects of any medication" the claimant takes to relieve symptoms. 20 C.F.R. §§ 404.1529(c)(3)(iv) and 416.929(c)(3)(iv); SSR 16-3P. Plaintiff alleges the ALJ erred by failing to: (1) reference the types and doses of Plaintiff's medications and (2) assess their side effects in determining his RFC. (Doc. No. 15 at, 17.) The Commissioner argues that Plaintiff failed to show that the side effects of his medications would prevent him from performing light work. (Doc. No. 16 at, 6–7.)

Here, the ALJ acknowledged that Plaintiff was prescribed medications to relieve his symptoms but found that the medications did not preclude Plaintiff from performing light work because he could remain reasonably alert to perform the necessary functions in a work setting. (Tr. at 31.) Plaintiff testified that he takes Hydrocodone, Naproxen, Adderall, Pristiq, and Latuda, which made him dizzy and tired and, as a result, he takes three 45-minute naps per day. *Id.* at 62–63. Although the record contains evidence that Plaintiff informed his treating physicians that he was dizzy and tired after the date last insured (*id.* at 874, 878, 880), Plaintiff's medical records before the date last insured contain no such complaints (*id.* at 383–84, 424–25, 436, 518–19, 529–30, 561–62, 572, 586, 592, 618–19, 625–26, 725). These records reveal that from the alleged onset date to the date last insured, Plaintiff was not experiencing dizziness, suffered no sleep displacement, and was alert to time, place, and person. *Id.*

9

A claimant must establish that he was disabled on or before the date last insured to obtain benefits. *Kneeland v. Berryhill*, 850 F.3d 749, 762 (5th Cir. 2017). The decision reflects that the ALJ considered the relevant evidence in the record surrounding Plaintiff's medication usage and its impact on Plaintiff's RFC. *See Brown v. Barnhart*, 285 F. Supp. 2d 919, 935 (S.D. Tex. 2003).

### III. Medical Necessity of a Cane to Walk

The use of a hand-held assistive device may affect a claimant's RFC. 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.00(c)(6)(d). An ALJ, however, need not consider the use of a hand-held assistive device unless the device is medically necessary. To prove that a hand-held assistive device is medically necessary, a claimant must provide medical documentation establishing a need for the device. SSR 96-9P. Whether the hand-held assistive device was prescribed is not dispositive of medical necessity. *Duenes v. Kijakazi*, 578 F. Supp. 3d 859, 872 (S.D. Tex. 2022) (quoting *Schnurpel v. Berryhill*, No. 2:16-cv-6042, 2017 WL 2390548, at *13 (S.D. W. Va. Apr. 17, 2017)).

Plaintiff alleges the ALJ erred in failing to consider whether a cane was medically necessary for him to walk. (Doc. No. 15 at, 20.) The Commissioner contends that Plaintiff failed to show that use of a cane was medically necessary, thus he suffered no prejudice. (Doc. No. 16 at, 7.)

At the hearing, Plaintiff testified that he has used a cane to walk since 2002. (Tr. at 57–58.) Plaintiff's medical records indicate that he informed his treating physician that he was using a cane to walk before the date last insured. *Id.* at 585, 591. Plaintiff did not provide any evidence that he was prescribed a cane to walk.

Although the ALJ's RFC assessment did not account for Plaintiff's use of a cane to walk, the ALJ could reasonably determine that Plaintiff's use of a cane would not prevent him from performing his past relevant work because he has used a cane to walk since 2002.

### IV. Supportability and Consistency of the Consultants' Opinions on Plaintiff's Mental Health Limitations

Under the revised regulatory framework for claims filed after March 27, 2017, an ALJ may not defer nor give any weight to medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c and 416.920c. Rather, the ALJ shall evaluate the persuasiveness of medical opinions and prior administrative medical findings by considering the following factors: (1) supportability, (2) consistency, (3) relationship with the claimant, which includes considering the length of the treatment relationship, the frequency of examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and the examining relationship, (4) specialization, and (5) other factors. C.F.R. 20 §§ 404.1520c(a), (c)(1)–(5) and 416.920c(a), (c)(1)–(5). The most important factors for the ALJ to consider are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), (b)(2) and 416.920c(a), (b)(2). "The ALJ must articulate the persuasiveness of all medical opinions pursuant to the factors and may do so in a single analysis; however, the ALJ need not articulate his consideration of each medical opinion individually." *Guillory v. Saul*, No. 1:19-CV-632, 2021 WL 1600283, at *5 (E.D. Tex. Apr. 23, 2021) (citing 20 C.F.R. §§ 404.1520c(b)(1) and 416.920(b)(1)).

Plaintiff alleges the ALJ erred by failing to consider the supportability and consistency of the state agency medical consultants' opinions on his mental health limitations. (Doc. No. 15 at, 24.) The Commissioner contends that the ALJ found the consultants' opinions on Plaintiff's mental health limitations to be unpersuasive. (Doc. No. 16 at, 9–10.) The Commissioner further argues that even if the ALJ should have discussed the opinions on Plaintiff's mental health limitations separate from the opinions on Plaintiff's physical health limitations, Plaintiff suffered no prejudice because the ALJ did not find Plaintiff's mental health limitations to be severe. *Id.* at 10.

Here, two state agency medical consultants opined as to Plaintiff's physical health limitations and two consultants opined as to Plaintiff's mental health limitations. (Tr. at 85–86, 88–89, 103, 105–07.) The medical consultants on Plaintiff's physical health found that he suffered from severe spine disorders and severe dysfunction of major joints. *Id.* at 85, 102. The medical consultants on Plaintiff's mental health found that he suffered from severe depressive, bipolar, and related disorders. *Id.* at 85, 102. The consultants opined that Plaintiff's medical records partially corroborated his complaints, and he was therefore capable of performing medium work. *Id.* at 87–88, 102, 104–05.

The ALJ analyzed the consultants' opinions together, finding them unpersuasive. *Id.* at 31. The ALJ found that the opinions on Plaintiff's physical health limitations were unsupported by and inconsistent with the record because Plaintiff's physical limitations were more limited than the consultants suggested, given his age, shoulder replacement, and spinal surgeries. *Id.* The ALJ also found that the record did not support the opinions on Plaintiff's mental health limitations because he had mild mental limitations that were controlled by medications and did not substantially interfere with his ability to engage in daily activities. *Id.* at 28–29, 31. The ALJ concluded that Plaintiff's mental health limitations would only minimally interfere with his ability to perform basic work functions and therefore were not severe. *Id.* at 28. Accordingly, the ALJ found that the record did not support that Plaintiff was capable of performing medium work, as the consultants suggested. *Id.* at 31. The decision reflects that the ALJ considered the relevant evidence in the record surrounding Plaintiff's mental health limitations. *Id.* at 28–29, 31. Moreover, Plaintiff fails to identify evidence in the record to support that he suffered from severe mental health limitations. *See Anderson*, 887 F.2d at 632–33.

**CONCLUSION**

For all the foregoing reasons, the Court **RECOMMENDS**, pursuant to 42 U.S.C. § 405(g), that the final decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 5th day of October, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE